ORIGINAL

1   LYNN HUBBARD, III, SBN 69773
2   SCOTTLYNN J HUBBARD, IV, SBN 212970
    **DISABLED ADVOCACY GROUP, APLC**
3   12 Williamsburg Lane
    Chico, CA 95926
4   Telephone: (530) 895-3252
    Facsimile: (530) 894-8244
5
6   Attorneys for Plaintiff

FILED

08 JUL 17 PM 12: 36

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _EOL_ DEPUTY

7
8
9               UNITED STATES DISTRICT COURT
10            SOUTHERN DISTRICT OF CALIFORNIA
11
12
13   BARBARA HUBBARD,                  No. '08 CV 1285 H CAB
14        Plaintiff,
15        vs.                          **Plaintiff's Complaint**
16   K-MART CORPORATION dba K-
17   MART #7418; FS SAN YSIDRO,
     LLC,
18
          Defendants.
19
20
21
22
23
24
25
26
27
28

*Hubbard v. K-Mart Corporation, et al.*
**Plaintiff's Complaint**

## I. SUMMARY

1.    This is a civil rights action by plaintiff Barbara Hubbard ("Hubbard") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

K-Mart #7418
4330 Camino de la Plaza
San Ysidro, CA 92173
(hereafter "the Store")

2.    Hubbard seeks damages, injunctive and declaratory relief, attorney fees and costs, against K-Mart Corporation dba K-Mart #7418 and FS San Ysidro, LLC (hereinafter collectively referred to as "K-Mart") pursuant to the Americans with Disabilities Act of 1990, ( 42 U.S.C. §§ 12101 et seq.), and related California statutes.

## II. JURISDICTION

3.    This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.    Supplemental jurisdiction for claims brought under parallel California law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. § 1367.

5.    Hubbard's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III. VENUE

6.    All actions complained of herein take place within the jurisdiction of the United States District Court, Southern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV. PARTIES

7.    K-Mart owns, operates, and/or leases the Store, and consists of a person (or persons), firm, and/or corporation.

*Hubbard v. K-Mart Corporation, et al.*
**Plaintiff's Complaint**

Page 2

8.    Hubbard has multiple conditions that affect one or more major life functions. She requires the use of motorized wheelchair and a mobility-equipped vehicle, when traveling about in public. Consequently, Hubbard is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V. FACTS

9.    The Store is an establishment open to the public, intended for nonresidential use and whose operation affects commerce.

10.    Hubbard visited the Store and encountered barriers (both physical and intangible) that interfered with—if not outright denied—her ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility. To the extent known by Hubbard, the barriers at the Store included, but are not limited to, the following:

Parking Area:

- The tow away signage at all entrances is not correct;
- The signage at the disabled parking spaces uses the word "handicapped;"
- The disabled parking spaces have cross slopes that exceed 2.0%;
- The adjacent access aisles have cross slopes that exceed 2.0%;

Entrance:

- The entrance doors lack an International Symbol of Accessibility ("ISA") to indicate that the Store is accessible to the disabled;
- The entrance doors require more than five (5) pounds of force to operate;

Changing Rooms:

- The changing rooms are not accessible;

Food Service:

- The food service counters are too high and have no portions lowered to accommodate patrons in wheelchairs;
- There is no disabled seating;

*Hubbard v. K-Mart Corporation, et al.*
Plaintiff's Complaint

1       • The soda dispenser counter is too high, causing the dispenser's controls to

2         be out of the required reach range limits;

3       • The condiment counter is too high, causing the condiments to be out of the

4         required reach range limits;

5 Ladies' Restroom:

6       • There is no ISA or proper signage on the strike side of the entrance door;

7       • The stall door is not self-closing;

8       • There is no handle mounted below the lock on the stall door;

9       • The side grab bar does not extend 24 inches from the front of the water

10         closet;

11       • The mirrors are mounted at more than 40 inches from the floor;

12       • The pipes underneath the lavatory are improperly and/or incompletely

13         wrapped;

14       • The soap dispenser is mounted at more than 40 inches from the floor;

15       • The soap dispenser is out of the required reach range limits;

16       • The paper towel dispenser requires pinching, twisting, and/or grasping to

17         operate;

18       • There is insufficient strike side clearance when exiting;

19 Family Restroom

20       • The toilet tissue dispenser for the first water closet protrudes into the clear

21         floor and maneuvering space needed to access the water closet;

22       • Additionally, the toilet tissue dispenser is mounted at more than 19 inches

23         from the floor;

24       • The toilet tissue dispenser for the second water closet is not mounted

25         within 12 inches of the front of the water closet;

26       • Additionally, the toilet tissue dispenser is mounted at more than 19 inches

27         from the floor;

28

*Hubbard v. K-Mart Corporation, et al.*
**Plaintiff's Complaint**

1   • The disposable seat cover dispenser above the back grab bar causing it to
2     be out of the required reach range limits;
3   • The disposable seat cover dispenser is mounted at more than 40 inches
4     from the floor;
5   • The water closet is an obstruction to the use of the disposable seat cover
6     dispenser;
7   • The soap dispenser's operable part is mounted at more than 40 inches from
8     the floor;
9   • The lavatory encroaches into the clear floor space needed to access the
10    paper towel dispenser;
11  • The pipes underneath the lavatory are improperly and/or incompletely
12    wrapped;
13  • The paper towel dispenser requires pinching, twisting, and/or grasping to
14    operate;
15  • Due to the hand dryer, there is insufficient strike side clearance when
16    exiting;
17  Check Out Area:
18  • The check stand designated as being accessible to the disabled does not
19    have the correct signage, nor is it always open as required; and,
20  • The pay point machine in the disabled check out aisle is too high.
21  These barriers prevented Hubbard from enjoying full and equal access.
22      11.    Hubbard was also deterred from visiting the Store because she
23  knew that the Store's goods, services, facilities, privileges, advantages, and
24  accommodations were unavailable to physically disabled patrons (such as
25  herself). She continues to be deterred from visiting the Store because of the
26  future threats of injury created by these barriers.
27      12.    Hubbard also encountered barriers at the Store, which violate state
28  and federal law, but were unrelated to her disability. Nothing within this

*Hubbard v. K-Mart Corporation, et al.*
**Plaintiff's Complaint**

Page 5

1   Complaint, however, should be construed as an allegation that Hubbard is

2   seeking to remove barriers unrelated to her disability.

3       13.   K-Mart knew that these elements and areas of the Store were

4   inaccessible, violate state and federal law, and interfere with (or deny) access to

5   the physically disabled.  Moreover, K-Mart has the financial resources to remove

6   these barriers from the Store (without much difficulty or expense), and make the

7   facility accessible to the physically disabled.  To date, however, K-Mart refuses

8   to either remove those barriers or seek an unreasonable hardship exemption to

9   excuse non-compliance.

10      14.   At all relevant times, K-Mart has possessed and enjoyed sufficient

11  control and authority to modify the Store to remove impediments to wheelchair

12  access and to comply with the Americans with Disabilities Act Accessibility

13  Guidelines and Title 24 regulations.  K-Mart has not removed such impediments

14  and has not modified the Store to conform to accessibility standards.  K-Mart has

15  intentionally maintained the Store in its current condition and has intentionally

16  refrained from altering the Store so that it complies with the accessibility

17  standards.

18      15.   Hubbard further alleges that the (continued) presence of barriers at

19  the Store is so obvious as to establish K-Mart's discriminatory intent.[1]  On

20  information and belief, Hubbard avers that evidence of this discriminatory intent

21  includes K-Mart's refusal to adhere to relevant building standards; disregard for

22  the building plans and permits issued for the Store; conscientious decision to the

23  architectural layout (as it currently exists) at the Store; decision not to remove

24  barriers from the Store; and allowance that the Store continues to exist in its non-

25  compliant state.  Hubbard further alleges, on information and belief, that K-Mart

26

27

28
_____
[1]    E.g., *Gunther v. Lin*, 144 Cal.App.4th 223, fn. 6
**Hubbard v. K-Mart Corporation, et al.**
**Plaintiff's Complaint**

1    is not in the midst of a remodel, and that the barriers present at the Store are not

2    isolated (or temporary) interruptions in access due to maintenance or repairs.[2]

## VI. FIRST CLAIM

### Americans with Disabilities Act of 1990

### Denial of "Full and Equal" Enjoyment and Use

6    16.    Hubbard incorporates the allegations contained in paragraphs 1

7    through 15 for this claim.

8    17.    Title III of the ADA holds as a "general rule" that no individual

9    shall be discriminated against on the basis of disability in the full and equal

10   enjoyment (or use) of goods, services, facilities, privileges, and accommodations

11   offered by any person who owns, operates, or leases a place of public

12   accommodation. 42 U.S.C. § 12182(a).

13   18.    K-Mart discriminated against Hubbard by denying "full and equal

14   enjoyment" and use of the goods, services, facilities, privileges or

15   accommodations of the Store during each visit and each incident of deterrence.

### Failure to Remove Architectural Barriers in an Existing Facility

17   19.    The ADA specifically prohibits failing to remove architectural

18   barriers, which are structural in nature, in existing facilities where such removal

19   is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).    The term "readily

20   achievable" is defined as "easily accomplishable and able to be carried out

21   without much difficulty or expense." Id. § 12181(9).

22   20.    When an entity can demonstrate that removal of a barrier is not

23   readily achievable, a failure to make goods, services, facilities, or

24   accommodations available through alternative methods is also specifically

25   prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

26

27

28

---

[2]    Id.; 28 C.F.R. § 36.211(b)
*Hubbard v. K-Mart Corporation, et al.*
**Plaintiff's Complaint**

1   21.   Here, Hubbard alleges that K-Mart can easily remove the
2   architectural barriers at the Store without much difficulty or expense, and that K-
3   Mart violated the ADA by failing to remove those barriers, when it was readily
4   achievable to do so.

5   22.   In the alternative, if it was not "readily achievable" for K-Mart to
6   remove the Store's barriers, then K-Mart violated the ADA by failing to make
7   the required services available through alternative methods, which are readily
8   achievable.

9              Failure to Design and Construct an Accessible Facility

10   23.   On information and belief, the Store was designed or constructed (or
11   both) after January 26, 1992—independently triggering access requirements
12   under Title III of the ADA.

13   24.   The ADA also prohibits designing and constructing facilities for
14   first occupancy after January 26, 1993, that aren't readily accessible to, and
15   usable by, individuals with disabilities when it was structurally practicable to do
16   so. 42 U.S.C. § 12183(a)(1).

17   25.   Here, K-Mart violated the ADA by designing or constructing (or
18   both) the Store in a manner that was not readily accessible to the physically
19   disabled public—including Hubbard—when it was structurally practical to do
20   so.[3]

21              Failure to Make an Altered Facility Accessible

22   26.   On information and belief, the Store was modified after January 26,
23   1992, independently triggering access requirements under the ADA.

24   27.   The ADA also requires that facilities altered in a manner that affects
25   (or could affect) its usability must be made readily accessible to individuals with
26   disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).  Altering

27   _____
28   [3]   Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a
private attorney general under either state or federal statutes.
*Hubbard v. K-Mart Corporation, et al.*
**Plaintiff's Complaint**

1   an area that contains a facility's primary function also requires adding making
2   the paths of travel, bathrooms, telephones, and drinking fountains serving that
3   area accessible to the maximum extent feasible. Id.

4       28.   Here, K-Mart altered the Store in a manner that violated the ADA
5   and was not readily accessible to the physically disabled public—including
6   Hubbard—to the maximum extent feasible.

7                 Failure to Modify Existing Policies and Procedures

8       29.   The ADA also requires reasonable modifications in policies,
9   practices, or procedures, when necessary to afford such goods, services,
10  facilities, or accommodations to individuals with disabilities, unless the entity
11  can demonstrate that making such modifications would fundamentally alter their
12  nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

13      30.   Here, K-Mart violated the ADA by failing to make reasonable
14  modifications in policies, practices, or procedures at the Store, when these
15  modifications were necessary to afford (and would not fundamentally alter the
16  nature of) these goods, services, facilities, or accommodations.

17      31.   Hubbard seeks all relief available under the ADA (*i.e.*, injunctive
18  relief, attorney fees, costs, legal expense) for these aforementioned violations. 42
19  U.S.C. § 12205.

20      32.   Hubbard also seeks a finding from this Court (*i.e.,* declaratory
21  relief) that K-Mart violated the ADA in order to pursue damages under
22  California's Unruh Civil Rights Act or Disabled Persons Act.

23                           VII. SECOND CLAIM

24                            **Disabled Persons Act**

25      33.   Hubbard incorporates the allegations contained in paragraphs 1
26  through 30 for this claim.

27      34.   California Civil Code § 54 states, in part, that: Individuals with
28  disabilities have the same right as the general public to the full and free use of

*Hubbard v. K-Mart Corporation, et al.*
Plaintiff's Complaint

1  the streets, sidewalks, walkways, public buildings and facilities, and other public

2  places.

3      35.    California Civil Code § 54.1 also states, in part, that: Individuals

4  with disabilities shall be entitled to full and equal access to accommodations,

5  facilities, telephone facilities, places of public accommodation, and other places

6  to which the general public is invited.

7      36.    Both sections specifically incorporate (by reference) an individual's

8  rights under the ADA. <u>See</u> Civil Code §§ 54(c) and 54.1(d).

9      37.    Here, K-Mart discriminated against the physically disabled public—

10  including Hubbard—by denying them full and equal access to the Store. K-Mart

11  also violated Hubbard's rights under the ADA, and, therefore, infringed upon or

12  violated (or both) Hubbard's rights under the Disabled Persons Act.

13      38.    <u>For each offense</u> of the Disabled Persons Act, Hubbard seeks actual

14  damages (both general and special damages), statutory minimum damages of one

15  thousand dollars ($1,000), declaratory relief, and any other remedy available

16  under California Civil Code § 54.3.

17      39.    She also seeks to enjoin K-Mart from violating the Disabled Persons

18  Act (and ADA) under California Civil Code § 55, and to recover reasonable

19  attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

20                    VIII. THIRD CLAIM

21                 **Unruh Civil Rights Act**

22      40.    Hubbard incorporates the allegations contained in paragraphs 1

23  through 30 for this claim.

24      41.    California Civil Code § 51 states, in part, that: All persons within

25  the jurisdiction of this state are entitled to the full and equal accommodations,

26  advantages, facilities, privileges, or services in all business establishments of

27  every kind whatsoever.

28

*Hubbard v. K-Mart Corporation, et al.*
**Plaintiff's Complaint**

1      42.    California Civil Code § 51.5 also states, in part, that: No business

2  establishment of any kind whatsoever shall discriminate against any person in

3  this state because of the disability of the person.

4      43.    California Civil Code § 51(f) specifically incorporates (by

5  reference) an individual's rights under the ADA into the Unruh Act.

6      44.    K-Mart's aforementioned acts and omissions denied the physically

7  disabled   public—including   Hubbard—full   and   equal   accommodations,

8  advantages, facilities, privileges and services in a business establishment

9  (because of their physical disability).

10     45.    These acts and omissions (including the ones that violate the ADA)

11 denied, aided or incited a denial, or discriminated against Hubbard by violating

12 the Unruh Act.

13     46.    Hubbard was damaged by K-Mart's wrongful conduct, and seeks

14 statutory minimum damages of four thousand dollars ($4,000) for each offense.

15     47.    Hubbard also seeks to enjoin K-Mart from violating the Unruh Act

16 (and ADA), and recover reasonable attorneys' fees and costs incurred under

17 California Civil Code § 52(a).

18                              IX. FOURTH CLAIM

19              **Denial of Full and Equal Access to Public Facilities**

20     48.    Hubbard incorporates the allegations contained in paragraphs 1

21 through 13 for this claim.

22     49.    Health and Safety Code § 19955(a) states, in part, that: California

23 public accommodations or facilities (built with private funds) shall adhere to the

24 provisions of Government Code § 4450.

25     50.    Health and Safety Code § 19959 states, in part, that: Every existing

26 (non-exempt) public accommodation constructed prior to July 1, 1970, which is

27 altered or structurally repaired, is required to comply with this chapter.

28

*Hubbard v. K-Mart Corporation, et al.*
**Plaintiff's Complaint**

1    51.    Hubbard alleges the Store is a public accommodation constructed,
2  altered, or repaired in a manner that violates Part 5.5 of the Health and Safety
3  Code or Government Code § 4450 (or both), and that the Store was not exempt
4  under Health and Safety Code § 19956.

5    52.    K-Mart's non-compliance with these requirements at the Store
6  aggrieved (or potentially aggrieved) Hubbard and other persons with physical
7  disabilities.  Accordingly, she seeks injunctive relief and attorney fees pursuant
8  to Health and Safety Code § 19953.

9                          X. PRAYER FOR RELIEF
10  WHEREFORE, Hubbard prays judgment against K-Mart for:
11  1.    Injunctive relief, preventive relief, or any other relief the Court deems
12  proper.
13  2.    Declaratory relief that K-Mart violated the ADA for the purposes of Unruh
14  Act or Disabled Persons Act damages.
15  3.    Statutory minimum damages under either sections 52(a) or 54.3(a) of the
16  California Civil Code (but not both) according to proof.
17  4.    Attorneys' fees, litigation expenses, and costs of suit.[4]
18  5.    Interest at the legal rate from the date of the filing of this action.

19

20  DATED: July 15, 2008          DISABLED ADVOCACY GROUP, APLC
21
22
23                                LYNN HUBBARD, III
24                                Attorney for Plaintiff
25
26
27
28

---

[4]    This includes attorneys' fees under California Code of Civil Procedure § 1021.5.
*Hubbard v. K-Mart Corporation, et al.*
**Plaintiff's Complaint**

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 153111    — MB**

**July 17. 2008
13:00:48**

**Civ Fil Non-Pris**
USAO #.: 08CV1285 CIVIL FILING
Judge..: MARILYN L HUFF
Amount.:                    $350.00 CC

**Total-> $350.00**

FROM: BARBARA HUBBARD VS KMART CORP
      DBA KMART #7418

∿JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**FILED**

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| BARBARA HUBBARD | K-MART CORPORATION dba K-MART #4718; PLAZA YSIDRO, LLC   08 JUL 17 PM 12:06 |
| **(b)** County of Residence of First Listed Plaintiff  SAN DIEGO (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant  (IN U.S. PLAINTIFF CASES ONLY)  NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.   CLERK U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIF    DEPUTY |
| **(c)** Attorney's (Firm Name, Address, and Telephone Number)  LYNN HUBBARD, III   DISABLED ADVOCACY GROUP, APLC  12 Williamsburg Lane Chico, CA 95926   (530) 895-3252 | Attorneys (If Known)   **08 CV 1285 H CAB** |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 12101, et seq.
Brief description of cause:
Ongoing violations of the ADA Construction Standards

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____    DOCKET NUMBER _____

DATE  07/15/2008

SIGNATURE OF ATTORNEY OF RECORD

---

**FOR OFFICE USE ONLY**

RECEIPT # 15311   AMOUNT $350.00   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

MB 07/17/08



JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.     (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:          U.S. Civil Statute: 47 USC 553
                                                                    Brief Description: Unauthorized reception of cable service

VII.     **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.     **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.